IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAILEY BROADRICK,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS GILROY,<br><br>    Defendant. | Case No. 3:24-cv-01772 |

**MEMORANDUM IN SUPPORT OF EMERGENCY APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND MOTION
FOR PRELIMINARY INJUNCTION**

The Order sought will preserve the status quo. Plaintiff Bailey Broadrick ("Plaintiff") moves on an emergency, *ex parte* basis for a temporary restraining order ("TRO") and a preliminary injunction pursuant to Fed. R. Civ. P. 65(b)(1) to enjoin Defendant Nicholas Gilroy ("Defendant") from proliferating and publishing any intimate visual depictions of Plaintiff, and from destroying any evidence to hinder justice in this matter.

**1.   INTRODUCTION**

Plaintiff is the victim of a campaign of revenge porn and harassment perpetrated by Defendant, her ex-boyfriend. Defendant's past behavior suggests that he may try to cause further harm to Plaintiff by publishing or distributing the revenge porn at issue in this case. Emergency *ex parte* relief is also necessary because it is likely that he will try to destroy evidence in this matter. If Defendant engages in further distribution, the images will not be able to be controlled and may wind up re-published again by third parties. If he destroys evidence, Plaintiff may find this matter more difficult to pursue, even with the requisite adverse inferences.

ORAL ARGUMENT REQUESTED

Defendant executed a deliberate plan to harass the Plaintiff. It is foreseeable that he would engage in scorched earth tactics to proliferate his collection of intimate photos in an attempt to ring a bell that can then not be un-rung. Further, when the Plaintiff texted him with a simple message – "I'm coming for you," Defendant immediately deleted much of the content from the Internet, so there are no prior restraint issues here. While de-publishing was a desirable outcome, there is no indication that he did so while preserving the evidence. And upon service of this Complaint, it is anticipated that he will engage in further destruction of evidence.

Plaintiff reached out to Defendant via phone and via email to ask him to simply agree to the relief sought in this Motion. Defendant ignored those overtures. Therefore, Plaintiff has no choice but to look to the courts for relief. Plaintiff requests injunctive relief preserving the status quo, in that Defendant should be enjoined from any further publication of any intimate photos of the Plaintiff, and Defendant should be enjoined from deleting any data from any of his phones, computers, tablets, online accounts, or other devices, and that any internet routers or other hardware be preserved in their current form or imaged so that they can be searched for relevant information.

## 2.   LEGAL STANDARD

The court has "wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). The same standard also applies when granting a temporary restraining order and a motion for a preliminary injunction. *Inkel v. Lamont*, 2022 U.S. Dist. LEXIS 156929, *9 (D. Conn. 2022); *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cr. 1992).

Rule 65 of the Federal Rules of Civil Procedure establishes the requirements for issuing an *ex parte* temporary restraining order:

> "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1). To qualify for preliminary relief, a movant must establish that (1) "he or she will suffer irreparable harm absent injunctive relief," (2) either (a) "that he or she is likely to succeed on the merits" or (b) there are "sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Moore*, 409 F.3d at 510. Importantly, to show irreparable harm, a plaintiff must demonstrate "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages." *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995). The movant must also demonstrate a relationship between the claimed injury and the conduct giving rise to the complaint. *Inkel*, 2022 U.S. Dist. LEXIS 156929 at *10.

### 2.1. Plaintiff is Likely to Succeed on the Merits

Defendant engaged in a campaign to terrorize the Plaintiff. From the beginning of their relationship, Defendant weaponized an imbalance of power between himself and Plaintiff to coerce her into sending him nude photos. She did so, relying on his promise that they would all be kept private. After Plaintiff broke up with Defendant, he launched an online campaign to terrorize Plaintiff. Defendant posted the private photos online, expressing his desire to "expose" her all over the Internet. *See* Complaint at ¶ 48; ECF No. 1-11. From this, Plaintiff discovered that Defendant had photographed her naked while she was unconscious, sleeping off the exhaustion from cancer treatment, and posted these photos online as well. *See* Complaint at ¶ 85; ECF No. 1-46. He did not stop there. Defendant created and published deepfakes of her engaged in sexual acts to further humiliate her. *See* Complaint at ¶ 89; ECF No. 1-47 & 1-48. He also solicited

RANDAZZA | LEGAL GROUP

people to message Plaintiff on LinkedIn, and shared identifying information in screenshots to make his desired harassment easier. *See* Complaint at ¶ 40; ECF No. 1-6. He even reached out to her family to send the photos to them, to further disgrace and embarrass her. *See* Complaint at ¶ 92; ECF No. 1-49.

Defendant has been on a lengthy willful and malicious campaign of retaliation against Plaintiff. To seek justice, Plaintiff brings the following claims against Defendant in her Verified Complaint: 1) Disclosure of Intimate Images (15 U.S.C. § 6851); 2) Negligent Infliction of Emotional Distress; 3) Intentional Infliction of Emotional Distress; 4) Unreasonable Publicity Given to Private Life; 5) False Light; and 6) Promissory Estoppel. She has a strong likelihood of success on the merits of all of them.

### 2.1.1. Defendant Disclosed of Intimate Images in Violation of VAWRA

Federal law (VAWRA) provides Plaintiff significant relief against Defendant for his betrayal. A claim under the Violence Against Women Reauthorization Act (VAWRA) requires: (1) an intimate visual depiction, (2) disclosure in interstate or foreign commerce, (3) nonconsensual disclosure, and (4) disclosure by the defendant. 15 U.S.C. § 6851(b)(1)(A). An intimate visual depiction under the VAWRA means "a visual depiction, as defined in section 2256(5) of title 18[1] that depicts . . . the uncovered genitals, pubic area, anus, or post-pubescent female nipple of an identifiable individual; or the display or transfer of bodily sexual fluids . . . from the body of an identifiable individual; or an identifiable individual engaging in sexually explicit conduct." 15 U.S.C. § 6851(5)(A).

---

[1] "'Visual depiction' includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format." 18 U.S.C. § 2256(5).

- 4 -

ORAL ARGUMENT REQUESTED

Here, intimate visual depictions of Plaintiff exist, and they were disclosed in interstate commerce on Reddit, EroMe, and Kik. *See* Complaint at ¶ 114. The photos and videos identify Plaintiff by showing her face and using her name. *See* Complaint at ¶ 111. The photos and videos also show Plaintiff's breasts, nipples, and pubic area, and they show her engaged in sexually explicit conduct in the form of oral-genital sexual intercourse and masturbation. *See* Complaint at ¶ 111; ECF No. 1-47 through 1-61. The disclosure of the intimate visual depictions of Plaintiff was nonconsensual as they were published on the internet without her affirmation or authorization. *See* Complaint at ¶ 117. The only person with access and motive to publish them is Defendant. *See* Complaint at ¶ 78. Plaintiff is likely to succeed on her VAWRA claim.

### 2.1.2. Defendant Intentionally Inflicted Emotional Distress on Plaintiff

It is shocking to the conscience that Defendant would publish intimate images of Plaintiff, and such conduct is not tolerated by a decent society. In Connecticut, the elements for intentional infliction of emotional distress are: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443 (2003). Defendant intended to inflict emotional distress upon Plaintiff when he disseminated intimate photographs and videos of her without her consent. *See* Complaint at ¶ 133. Defendant intended to inflict emotional distress upon Plaintiff when he manipulated photos of her using artificial intelligence and posted them to the internet without her consent. *See* Complaint at ¶ 134. Defendant knew or should have known that emotional distress was the likely result of his conduct, shown by *inter alia,* one of the titled Reddit posts: "Bailey

ORAL ARGUMENT REQUESTED

Broadrick would be in tears if she knew how many guys were jerking to her naked body." *See* Complaint at ¶ 35; ECF No. 1-4.

Defendant's conduct in disseminating Plaintiff's photos online was extreme and outrageous. His conduct was been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency. See Appleton v. Board of Education, 254 Conn. 205, 210-11, 757 A.2d 1059 (2000). Courts throughout the country routinely find that revenge porn is extreme and outrageous. *See, e.g., P.F. v. Brown*, 2024 NY Slip Op 51356(U), ¶¶ 3-4, 217 N.Y.S.3d 856 (Queens Sup. Ct. Sept. 27, 2024); *Hoewischer v. White (In re White)*, 551 B.R. 814, 821-22 (Bankr. S.D. Ohio 2016). Further, Defendant did not just post Plaintiff's nudes online, but did so with captions like: "I love having the power to expose Bailey without her c0nsent." (Complaint para 59; ECF No. 1-17); "Bailey would be so upset being shared but exposing makes my dick feel so good and that's all I care about. K i k soreleckto to see her naked." (Complaint para 60; ECF No. 1-18); and "Exposing Bailey Broadrick's nudes without her consent makes me cum so fucking hard." (Complaint para 32; ECF No. 1-1). If this is tolerable conduct, the definition of tolerable must have been degraded to meaning something else.

And, Plaintiff was injured—she suffered emotional distress so severe that it has caused her cancer markers to increase. *See* Complaint at ¶ 104. Thus, Plaintiff is likely to succeed on the merits of her claim for intentional infliction of emotional distress.

### 2.1.3. Defendant Negligently Inflicted Emotional Distress on Plaintiff

Although Plaintiff is confident in her IIED claim, she is otherwise likely to succeed on her claim for negligent infliction of emotional distress. In Connecticut, the elements for negligent infliction of emotional distress are: (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the

ORAL ARGUMENT REQUESTED

emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress. *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 444 (2003). Here, Defendant created an unreasonable risk of causing Plaintiff emotional distress when he published intimate photos of her on the Internet. Plaintiff's distress was foreseeable because Defendant knew she only shared intimate photos with him after he agreed to not share the photos to any third parties; Defendant knew these images were so sensitive that Plaintiff would suffer emotional injury were they disseminated. *See* Complaint at ¶ 125. Plaintiff suffered emotional distress so severe that it has caused her cancer markers to increase—thus, not only was it conduct that it *might* result in illness or bodily harm, it actually has. *See* Complaint at ¶ 126. As a result, Plaintiff is likely to succeed on the merits of her claim for negligent infliction of emotional distress.

### 2.1.4. Defendant Gave Unreasonable Publicity to Plaintiff's Private Life

What Plaintiff sent Defendant was no one else's business, and he knew it. In Connecticut, one is subject to liability for invasion of privacy through publicity to a matter concerning the private life "if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Ramsdell v. Hartford Hosp.*, 2019 Conn. Super. LEXIS 97, *22 (2019); *see also Perkins v. Freedom of Info. Comm'n*, 228 Conn. 158, 173 (1993). By distributing intimate photographs of her without her knowledge or consent, Defendant intentionally gave unreasonable publicity to Plaintiff's private life. Defendant's intrusion into Plaintiff's private affairs would be highly offensive to a reasonable person. Plaintiff is a private person, not a public figure, and her intimate photographs are not a matter of public concern. Revenge porn is a clear invasion of privacy. *See, e.g., Malott v. Goodlett*, 2020 U.S. Dist. LEXIS 262130, at *11 (W.D. Ky. Dec. 30, 2020) (finding revenge porn met three categories of invasion

ORAL ARGUMENT REQUESTED

of privacy claims, including unreasonable publicity). Thus, Plaintiff is likely to succeed on the merits of this claim as all necessary elements are provably met.

### 2.1.5. Defendant Portrayed Plaintiff in a False Light

The distribution of the images, including artificially generated content, shows Defendant in a false light. In Connecticut, the elements of a false light invasion of privacy claim are met if the matter published concerning the plaintiff (1) is not true; and (2) is such a major misrepresentation of the plaintiff's character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable individual in the plaintiff's position. *Goodrich v. Waterbury Republican-American, Inc.*, 188 Conn. 107, 131 (1982). "The context in which a photograph is published can place a person in a false light even if it is unaltered." L*opez v. Admiral Theatre, Inc.*, No. 19 C 673, 2019 U.S. Dist. LEXIS 165726, at *15 (N.D. Ill. Sep. 26, 2019). Here, we are dealing with unaltered and altered material. Defendant published false material when he created and posted deepfake photographs of Plaintiff engaged in sexual acts. By disseminating and publishing the deepfake intimate photographs of Plaintiff, Defendant placed Plaintiff in a false light that would be highly offensive to a reasonable person. Defendant knew of the falsity of the publicized matter and the false light in which Plaintiff would be placed. Alternatively, Defendant acted in reckless disregard as to the falsity of the intimate photographs and the false light in which Plaintiff would be placed. Thus, Plaintiff is likely to succeed on her false light claim.

### 2.1.6. Defendant is Bound by Promissory Estoppel

Defendant promised Plaintiff he would hold the intimate images of her in confidence. *See* Complaint at ¶ 12. He broke that promise and is liable to Plaintiff for it. To claim promissory estoppel in Connecticut, a plaintiff must plead and ultimately prove "(1) the promisor has failed to honor a clear and definite promise that (2) the promisor reasonably should expect to induce

ORAL ARGUMENT REQUESTED

detrimental action or forbearance on the part of the promisee or a third person, and (3) the promise does, in fact, induce detrimental action or forbearance in reasonable reliance on the promise." *Int'l Supply, LLC v. Hudson Meridian Constr. Grp., LLC*, 2024 U.S. Dist. LEXIS 29294, *11 (D. Conn. 2024); *see also Kent Literary Club v. Wesleyan Univ.*, 338 Conn. 189, 210 (2021). Plaintiff and Defendant made clear and definite promises to one another that the photographs posted to their shared iCloud album would not be shared with any third parties. *See* Complaint at ¶ 159. Plaintiff would not have shared those photographs if not for Defendant's clear and definite promise, and she relied upon this clear and definite promise not to disseminate her photographs to third parties when she shared intimate photos with Defendant. *See* Complaint at ¶ 160. Defendant knew or should have known Plaintiff relied on his promise because she made it clear that the promise was a condition to her agreement to share intimate photos. *See* Complaint at ¶ 161. Defendant induced detrimental action or forbearance in Plaintiff by agreeing to Plaintiff's condition of confidentiality to share intimate photos. *See* Complaint at ¶ 162. Defendant did not keep his clear and definite promise to Plaintiff and instead disseminated the intimate photographs of her to third parties. *See* Complaint at ¶ 163. Thus, as Plaintiff is likely to succeed, the Court should bind Defendant to his promise.

### 2.2. Plaintiff will Suffer Irreparable Harm Absent Injunctive Relief

"The showing of irreparable harm is perhaps the single most important prerequisite for the issuance of a preliminary injunction." *Kamerling v. Massanari*, 295 F.3d 206, 213 (2d Cir. 2002). To satisfy this requirement, the plaintiff must demonstrate that "absent a preliminary injunction, they will suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005), quoting *Rodriguez v. DeBuono*, 175

F.3d 227, 233 (2d Cir. 1999). Irreparable harm may exist "through loss of reputation, good will and business opportunities." *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).

Plaintiff's principal claim against Defendant Gilroy is under 15 U.S.C. § 6851. This statute specifically provides that it entitles victims of revenge pornography to injunctive relief: "the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(b)(3)(A)(ii). The risk of irreparable harm to victims of revenge pornography is so great that Congress baked injunctive relief into the statute.

Additionally, absent emergency relief, there is an imminent risk of Defendant continuing to publish Plaintiff's nude photos. These harms, such as emotional distress, are harms which lack an adequate legal remedy. As shown in the Complaint, Defendant enjoyed causing the harm and trauma he knew he was inflicting on Plaintiff. *See* Complaint at ¶¶ 29-73. In fact, he bragged about it. *See id.* There is a substantial risk that Defendant will retaliate against Plaintiff again by making further disclosures once he is served and put on notice in this case. *See Doe v. Unknown Party*, No. CV-24-00252-PHX-DLR, 2024 U.S. Dist. LEXIS 21835, at *6-7 (D. Ariz. Feb. 7, 2024) ("Plaintiffs have shown the imminent risk of further nonconsensual disclosures of intimate visual depictions of herself and humiliation from the same").

As found in other district courts, there is a multitude of harm suffered by a plaintiff in a 15 U.S.C. § 6851 matter. "The impact of revenge porn can include public shame and humiliation, an inability to find new romantic partners, mental health effects such as depression and anxiety, job loss or problems securing new employment, and offline harassment and stalking. Furthermore, once disseminated, it is challenging to completely remove these images from the internet." *S.S. v.*

RANDAZZA | LEGAL GROUP

- 10 -
ORAL ARGUMENT REQUESTED

*Collins*, 2024 U.S. Dist. LEXIS 135664, *21 (D.N.J. 2024) (quoting *Doe v. Constant*, No. 24-554, 2024 U.S. Dist. LEXIS 130253, 2024 WL 3512136 at *4 (W.D. La. 2024)).

Denying injunctive relief would compound the harm Plaintiff has already suffered as a result of Defendant's conduct.

### 2.3. The Balance of Hardships and Public Interest Tip in Favor of Plaintiff

The only party at risk in this matter is the Plaintiff. There would be no harm to Defendant if he is ordered to stop publishing private nude photos of the Plaintiff. In contrast, if the motion is denied, Plaintiff would have to live in constant fear that Defendant would continue disseminating Plaintiff's intimate visual depictions. The equities are completely one sided in this action, tipping entirely in favor of Plaintiff.

Additionally, Congress expressed a public policy against revenge porn in enacting 15 U.S.C. § 6851(b)(1)(A), so it is clearly in the public's interest to issue the TRO ordering Defendant not to engage in such activity. Further, Congress preemptively and explicitly provided for the balance of hardships and public interest to tip decidedly in favor of victims of § 6851 violations as 15 U.S.C. § 6851 contemplates and provides for equitable relief: "the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction." 15 U.S.C. § 6851(3)(A)(ii).

It is in both public interest and in the interest of the balance of equities to provide Plaintiff with a remedy in equity in these circumstances.

### 3. CONCLUSION

Plaintiff respectfully requests to preserve the status quo, in that Defendant, or anyone acting in concert with him, should be enjoined from any further publication of any intimate visual

ORAL ARGUMENT REQUESTED

depictions of Plaintiff. Plaintiff also respectfully request that Defendant, or anyone acting in concert with him, be required to disable public access, to the extent he is able to do so without destroying evidence, to any published intimate visual depictions of Plaintiff. Finally, Plaintiff requests that Defendant be enjoined from deleting any data from any of his phones, computers, tablets, online accounts, or other devices, and that any internet routers or other hardware be preserved in their current form or imaged so that they can be searched for relevant information.

Dated: November 8, 2024

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, ct442312
Jay M. Wolman, ct29129
Kylie R. Werk (*PHV Forthcoming*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 203-539-6666
ecf@randazza.com

*Attorneys for Plaintiff,*
Bailey Broadrick

ORAL ARGUMENT REQUESTED