UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BAILEY BROADRICK,
    *Plaintiff*,

    v.

NICHOLAS GILROY,
    *Defendant*.

No. 3:24-cv-1772 (VAB)

**RULING AND ORDER ON PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**

Bailey Broadrick ("Plaintiff") has brought suit against Nicholas Gilroy ("Defendant") for disclosure of intimate images in violation of 15 U.S.C. § 6851, negligent and intentional infliction of emotional distress, and other claims based on Mr. Gilroy's alleged publishing and distribution of intimate images of Ms. Broadrick online. Complaint, ECF No. 1 (Nov. 7, 2024) ("Compl."). Ms. Broadrick has moved for an emergency *ex parte* temporary restraining order ("TRO") and a preliminary injunction to enjoin Mr. Gilroy from publishing or distributing intimate visual depictions of Ms. Broadrick. Emergency Mot. for TRO and Preliminary Injunction, ECF No. 4 (Nov. 8, 2024); Mem. in Supp. of Emergency Mot. for TRO and Preliminary Injunction, ECF No. 5 (Nov. 5, 2024) ("Mem. in Supp.").

"The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R.

Civ. P. 65(b)(1). "The restrictions on the availability of *ex parte* temporary restraining orders imposed by Rule 65(b) are stringent and must be scrupulously honored*." Fed. Trade. Comm'n v. Grand Teton Pros., LLC*, 2019 WL 4439501, at *2 (D. Conn. 2019) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-39 (1974); *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)) (internal quotation marks and citations omitted).

For the reasons discussed in her memorandum of law, ECF No. 5, Ms. Broderick has met these requirements, and has shown she will suffer "immediate and irreparable injury" before Mr. Gilroy may be heard in opposition, and explained why notice to him should not be required. *See* Mem. in Supp. at 10 ("[A]bsent emergency relief, there is an imminent risk of Defendant continuing to publish Plaintiff's nude photos. These harms, such as emotional distress, are harms which lack an adequate legal remedy. . . . There is a substantial risk that Defendant will retaliate against Plaintiff again by making further disclosures once he is served and put on notice in this case.").

Accordingly, because the Court finds that without a TRO the harm that Ms. Broadrick is suffering and is likely to continue suffering would not be addressed by legal remedies, and instead would be irreparable and difficult to quantify and ascertain, the motion for an *ex parte* temporary restraining order is **GRANTED**, and the Court orders the following:

1. Mr. Gilroy, or anyone acting in concert with him, shall not make any further publication of any intimate visual depictions of Ms. Broderick.

2. Mr. Gilroy, or anyone acting in concert with him, is required to disable public access, to the extent he is able to do so without destroying evidence, to any published intimate visual depictions of Ms. Broderick.

3. Consistent with the parties' duty to preserve discoverable information, *see* Fed. R. Civ. P. 37(e) (noting remedies the Court may take "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," including, under certain circumstances, entry of default judgment), Mr. Gilroy shall not delete any data relevant to this litigation from his phones, computers, tablets, online accounts, or any other devices, and any internet routers or other hardware must be preserved in their current form or imaged so that they may be searched for information relevant to this litigation.

4. Counsel for Ms. Broderick is ordered serve this Order on Mr. Gilroy immediately, and to the extent that counsel for Ms. Broderick is aware of any counsel for Mr. Gilroy, this Order is to be provided to any such counsel.

Unlike a TRO, notice to the defendant is required to issue a preliminary injunction. Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."). As a result, the Court will defer judgment on Ms. Broderick's motion for a preliminary injunction.

The parties shall appear before the Court on **Wednesday, November 13, 2024 at 11:00 a.m.** to determine whether this temporary restraining order should be continued until preliminary injunction hearing can be held.

**SO ORDERED** at New Haven, Connecticut, this 9th day of November, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE