IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BAILEY BROADRICK,<br><br>   Plaintiff,<br><br>v.<br><br>NICHOLAS GILROY,<br><br>   Defendant. | Case No. 3:24-cv-01772 |

### FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**              November 7, 2024
**Date Complaint Served:**          November 12, 2024
**Date of Defendant's Appearance:**  November 12, 2024

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on November 21, 2024. The participants were:

Jay M. Wolman and Kylie R. Werk for Plaintiff, Bailey Broadrick

Joseph J. Romanello, Jr. for Defendant, Nicholas Gilroy

**I.      Certification**

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

   **A.     Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 & 1367. The Plaintiff is a citizen of Arizona and the Defendant is a citizen of Connecticut, with an amount

in controversy exceeding $75,000. This case also involves a federal question under 15 U.S.C. § 6851.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

This case involves allegations by Plaintiff, Bailey Broadrick, that Defendant, Nicholas Gilroy, created and published intimate images of her on the internet without her consent. A preliminary injunction precluding Defendant from making any further publication of any intimate visual depictions of Plaintiff and requiring him to disable public access, to the extent he is able to do so without destroying evidence, to any published intimate visual depiction of Plaintiff was entered on consent. (ECF No. 20).

### A. Claims of Plaintiff:

This is a case of revenge porn. As alleged in the Complaint, after Plaintiff broke up with Defendant, he launched an online campaign to terrorize Plaintiff. Defendant posted the private photos online, expressing his desire to "expose" her all over the Internet. *See* Complaint at ¶ 48; ECF No. 1-11. From this, Plaintiff discovered that Defendant had photographed her naked while she was unconscious, sleeping off the exhaustion from cancer treatment, and posted these photos online as well. *See* Complaint at ¶ 85; ECF No. 1-46. He did not stop there. Defendant created and published deepfakes of her engaged in sexual acts to further humiliate her. *See* Complaint at ¶ 89; ECF No. 1-47 & 1-48. He also solicited people to message Plaintiff on LinkedIn, and shared identifying information in screenshots to make his desired harassment easier. *See* Complaint at ¶ 40; ECF No. 1-6. He even reached out to her family to send the photos to them, to further disgrace and embarrass her. *See* Complaint at ¶ 92; ECF No. 1-49.

Intimate visual depictions of Plaintiff were disclosed on Reddit, EroMe, and Kik. *See* Complaint at ¶ 114. Further, Defendant created and posted deepfake photographs of Plaintiff engaged in sexual acts. The photos and videos identify Plaintiff by showing her face and using her name. *See* Complaint at ¶ 111. The photos and videos also show Plaintiff's breasts, nipples, and pubic area, and they show her engaged in sexually explicit conduct in the form of oral-genital sexual intercourse and masturbation. *See* Complaint at ¶ 111; ECF No. 1-47 through 1-61. The disclosure of the intimate visual depictions of Plaintiff was nonconsensual as they were published on the internet without her affirmation or authorization. *See* Complaint at ¶ 117. The only person with access and motive to publish them is Defendant. *See* Complaint at ¶ 78. Defendant knew she only shared intimate photos with him after he agreed to not share the photos to any third parties; Defendant knew these images were so sensitive that Plaintiff would suffer emotional injury were they disseminated. *See* Complaint at ¶ 125. Plaintiff suffered emotional distress so severe that it has caused her cancer markers to increase—thus, not only was it conduct that it *might* result in illness or bodily harm, it actually has. *See* Complaint at ¶ 126.

Plaintiff brings the following claims against Defendant in her Verified Complaint: 1) Disclosure of Intimate Images (15 U.S.C. § 6851); 2) Negligent Infliction of Emotional Distress; 3) Intentional Infliction of Emotional Distress; 4) Unreasonable Publicity Given to Private Life; 5) False Light; and 6) Promissory Estoppel.

**B. Defense and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant:**

- Distribution was Consensual

- Lack of visibility of the plaintiff in the depiction

- Absence of emotional trauma

**IV.   Statement of Undisputed Facts**

1. Plaintiff, Bailey Broadrick, is a citizen of the State of Arizona.

2. Defendant, Nicholas Gilroy, is a citizen of the State of Connecticut.

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

**The allegations of the publications are not disputed.**

**V.   Case Management Plan**

**A.   Initial Disclosures**

Initial disclosures will be served by **December 13, 2024**.

**B.   Scheduling Conference**

1. The Parties **request** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted **by telephone**.

**C.   Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement **is unlikely at this time**.

2. The parties **do not request** an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with **a magistrate judge**.

4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.    Joinders of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until **December 27, 2024,** to file motions to join additional parties and until **December 27, 2024,** to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. Defendant(s) should be allowed until **December 27, 2024,** to file motions to join additional parties and until **December 6, 2024,** to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.    Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiff's Position:

**The images at issue were published on Reddit, EroMe, and Kik; discovery will need to be taken of the operators of these platforms, and many operators of online platforms often resist discovery.**

Defendant's Position (if different): **The allegations of the publications are not disputed.**

b. The parties anticipate that discovery will be needed on the following subjects:

      1.     The facts and circumstances surrounding the creation of the photographs;

      2.     The facts and circumstances surrounding the creation of the alleged deepfake images;

      3.     The facts and circumstances surrounding the transmission of the photographs;

      4.     Communications between the parties;

      5.     The facts and circumstances surrounding the publication of the photographs and/or deepfake images;

      6.     The facts and circumstances surrounding the de-publication of the photographs and/or deepfake images

      7.     The extent of the circulation and viewership of the photographs and/or deepfake images;

      8.     The extent of Plaintiff's reputational harm allegedly caused by Defendant and the response thereto;

      9.     The extent of Plaintiff's emotional harm allegedly caused by Defendant and the treatment and prognosis, if any, thereof;

      10.     The extent of Plaintiff's physical harm allegedly caused by Defendant and the treatment and prognosis, if any, thereof;

   c.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by **November 22, 2024,** and completed (not propounded) by **May 22, 2025**.

   d.     Discovery **will not** be conducted in phases.

   e.     If discovery will be conducted in phases, describe each phase and state the date by

RANDAZZA | LEGAL GROUP

which it will be completed by **N/A**.

f.    The parties anticipate that the plaintiff(s) will require a total of **5** depositions of fact witnesses and that the defendant(s) will require a total of **5** depositions of fact witnesses. The depositions will commence by **December 13, 2024,** and be completed by **May 22, 2025**.

g.    The parties **will not** request permission to serve more than 25 interrogatories.

h.    Plaintiff/s **intend** to call expert witnesses at trial. Defendant/s **intend** to call expert witnesses at trial.

i.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **February 22, 2025**. Depositions of any such experts will be completed by **March 22, 2025**.

j.    Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **April 22, 2025**. Depositions of such experts will be completed by **May 22, 2025**.

k.    A damages analysis will be provided by any party who has a claim or counterclaim for damages by **March 22, 2025**.

l.    Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and

production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. **The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information (ESI):**

    1.    The parties will preserve relevant and responsive ESI and continue routine computer operations critical to ongoing activities, including the automatic creation and deletion or overwriting of non-relevant, non-responsive information

    2.    The parties will produce ESI that is relevant, responsive, not privileged and reasonably accessible, as defined by Fed. R. Civ. P. 26(b)(2)(B), all subject to the Fed. R. Civ. P. 26(b)(2)(C) limitations that apply to all discovery

    3.    ESI will be produced in a form reasonably usable by any party and native files and/or source code will be provided of any produced document upon reasonable request and subject to reasonable protections for confidentiality

    4.    The parties shall confer as to appropriate search terms should an objection of overbreadth or undue burden be raised

    m.    Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information: **The parties do not anticipate there will be any significant amount information stored in paper or other non-electronic forms. The parties shall bear the costs of converting paper or other non-electronic information into electronic form or shall produce paper or other non-electronic copies at their own expense, unless such is anticipated to cost in excess of $5,000, at which point the**

**parties shall discuss the need for and/or parameters of such production further.**

n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

**Any party asserting such a claim shall do so as soon as reasonably practicable. The recipient of such a claim shall immediately segregate the materials upon which such a claim is made. If the recipient of such a claim disputes such claim of privilege, it shall notify the asserting party within five (5) days, where upon the parties shall confer and, if they are unable to resolve their dispute, bring a motion to the Court within seven (7) days of such conference. Until any such dispute is resolved, the receiving party shall treat the materials as privileged.**

F. **Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]: **N/A**

G. **Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **June 23, 2025**.

H. **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **September 23, 2025**.

VI. **Trial Readiness**

The case will be ready for trial by **October 23, 2025**.

- 10 -

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: November 22, 2024

Respectfully submitted,

/s/ Jay M. Wolman
Jay M. Wolman, ct29129
Marc J. Randazza, ct442312
Kylie R. Werk (*admitted PHV*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
Tel: 203-539-6666
ecf@randazza.com

*Attorneys for Plaintiff,*
Bailey Broadrick

/s/ Joseph J. Romanello, Jr.
Joseph J. Romanello, Jr. ct28732
ROMANELLO LAW FIRM
57 North Street, #304
Danbury, CT 06810
Tel: 203-205-0891
jjr@romanellowlawfirm.com

*Attorneys for Defendant,*
Nicholas Gilroy

- 11 -

**CERTIFICATE OF SERVICE**

  I hereby certify that, on November 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                /s/ Jay M. Wolman
                Jay M. Wolman

RANDAZZA | LEGAL GROUP